UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GARY PEREZ CIFUENTES,<br><br>Petitioner,<br><br>v.<br><br>BRUCE SCOTT,<br><br>Respondent. | Case No. 2:26-cv-02011-TMC<br><br>ORDER DENYING PETITION OF WRIT OF HABEAS CORPUS |

## I. INTRODUCTION

Before the Court is self-represented petitioner Gary Perez-Cifuentes's petition for writ of habeas corpus. Dkt. 1. With his petition, Perez-Cifuentes argues that his detention violates his right to due process and seeks his release. *Id.* at 1. For the following reasons, the petition is DENIED.

## II. BACKGROUND

Perez-Cifuentes, a citizen of Guatemala, was apprehended by United States Border Patrol on May 7, 2019. Dkt. 7 ¶¶ 3–4. Removal proceedings were initiated, and he was given a notice to appear. *Id.* ¶ 5. Perez-Cifuentes was released on May 9 on an order of release on recognizance while his removal proceedings were pending. *Id.* ¶ 6.

On February 28, 2022, Perez-Cifuentes was convicted of "Failure to Exercise Due Care," an infraction. *Id.* ¶ 7. On September 20, Perez-Cifuentes was also convicted of two counts of misdemeanor battery. *Id.* ¶ 8.

On April 12, 2026, he was arrested and charged with "resisting/obstructing an officer, battery and public intoxication." *Id.* ¶ 9. With this case pending, Respondents learned of Perez-Cifuentes's criminal arrest and took him into custody on April 16. *Id.* ¶ 10. Perez-Cifuentes was ultimately transferred to the Northwest Immigration and Customs Enforcement Processing Center in Tacoma, Washington, where he remains in custody. *Id.* ¶ 11. On June 24, Perez-Cifuentes was ordered removed to Guatemala and he waived appeal. *Id.* ¶ 12.

The instant petition was filed on June 8. Dkt. 1. Respondents filed their response on June 24. Dkt. 6.

## III. LEGAL STANDARDS

Writs of habeas corpus "may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## IV. DISCUSSION

Respondents ask the Court to deny Perez-Cifuentes's petition because he is subject to mandatory detention under 8 U.S.C. § 1231(a)(2). Dkt. 6 at 8–10. The Court agrees.

Perez-Cifuentes's detention is lawful under 8 U.S.C. § 1231(a)(2)(A). After waiving appeal, Perez-Cifuentes's removal order becoming final on June 24, 2026. Under 8 U.S.C. § 1231(a)(1)(A), Respondents are to remove Perez-Cifuentes from the United States "within a period of 90 days." Respondents are also required to detain Perez-Cifuentes during this "removal

period." 8 U.S.C. § 1231(a)(2)(A). Although detention pending removal may violate the INA if it becomes prolonged and indefinite, *see Zadvydas v. Davis*, 533 U.S. 678 (2001), Petitioner's removal period has just begun and his detention has yet to become unconstitutionally prolonged.

## V. CONCLUSION

For the reasons above, Perez-Cifuentes's petition for writ of habeas corpus is DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 31st day of July, 2026.

Tiffany M. Cartwright
United States District Judge